UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> TERRY SWOPES, et al. ) <br> ) <br> Defendants. | Case No. 4:14 CR 244 CDP/SPM - 1 |

# **REPORT AND RECOMMENDATION**
# **OF UNITED STATES MAGISTRATE JUDGE**

In accordance with the Memorandum filed herewith,

**IT IS HEREBY RECOMMENDED** that Defendant Terry Swopes' Motion to Suppress Evidence and Motion to Suppress Statements (Doc. Nos. 33 & 34) be **DENIED.**

The parties are advised that they have fourteen (14) days in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

Trial in this case has been set as to all defendants on **December 8, 2014** at **8:30 A.M.** before the Honorable Catherine D. Perry.

                                      /s/Shirley Padmore Mensah
                                      SHIRLEY PADMORE MENSAH
                                      UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of October, 2014.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:14 CR 244 CDP/SPM - 1 |
| | ) |
| TERRY SWOPES, et al. | ) |
| | ) |
| Defendants. | |

# **MEMORANDUM**

This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). Defendant Terry Swopes is charged with being a felon in possession of a firearm (Count 1) and maintaining drug involved premises (Count 2). On July 11, 2014, officers with the St. Louis Metropolitan Police Department executed a search warrant on Defendant's residence located at 1636 Belt Avenue in the City of St. Louis and seized, among other thing, three semi-automatic firearms, a 12 gauge pump shotgun, approximately five grams of cocaine base, currency, and paperwork bearing Defendant's name.[1]

On August 28, 2014, Defendant filed Motions to Suppress Evidence and Statements (Doc. Nos. 33 & 34). Because the motions were in the form "boilerplate" motions and, therefore, not compliant with the undersigned's pretrial

---

[1] **Defendant's co-defendant Wendell Miller also lived at Swopes' residence and is charged with possession with the intent to distribute crack cocaine, possession of a firearm in furtherance of a drug trafficking crime and felon in possession of a firearm.**

order, defense counsel was ordered to file a supplemental motion. A supplemental suppression motion was filed on September 8, 2014 (Doc. No. 40). After obtaining an extension of time to respond, the United States filed its response to Defendant's motions on September 22, 2014 (Doc. No. 47).

In his written submissions, Defendant contended the statements and evidence should be suppressed because the warrant affidavit was insufficient to establish probable cause for the search.[2] The United States countered that the search warrant affidavit was sufficient to establish probable cause. The United States included with its response a copy of the warrant application, warrant affidavit, warrant, and return. *See* Doc. Nos. 47 & 47-1. On September 29, 2014, I held an evidentiary hearing on Defendant's motions.

At the time of the hearing, counsel for both parties indicated they would not present any evidence and agreed that the issue should be resolved based on the contents of the warrant affidavit, the parties' written submissions, and oral argument by counsel. However, in response to a question from the Court, defense counsel indicated that it is Defendant's position that the good faith exception under *United States v. Leon*, 468 U.S. 897, 922 (1984), does not apply. Because

---

[2] Defendant's written submissions also contend that the seizure exceeded the scope of the search warrant and that Defendant had not been mirandized when he made statements to police following his arrest. However, at the hearing, defense counsel clarified on the record that Defendant is actually not claiming that the seizure exceeded the scope of the warrant and Defendant is not contesting the United States' assertion that he was mirandized prior to giving statements to police.

Defendant's written submissions did not address whether or not the good faith exception applies, Defendant was granted additional time to brief the issue and the United States was granted additional time to respond. On October 14, 2014, Defendant filed his supplemental brief (Doc. No. 56). On October 17, 2014, the United States filed its response (Doc. No. 58).

Based on my review of the written submissions of the parties, and the arguments of counsel, I make the following factual findings and conclusions of law.

## **FACTUAL FINDINGS**

**A. The Search Warrant and Supporting Affidavit**

On July 11, 2014, the Honorable Theresa Burke, an Associate Circuit Judge in the 22nd Judicial Circuit of Missouri, issued a search warrant ordering the search of Defendant's residence located at 1636 Belt Avenue, in the City of St. Louis, Missouri (the "Residence"). *See* Doc. No. 47-1. The search warrant ordered members of law enforcement to search the Residence within ten days after issuance and authorized seizure of the following items:

> "Crack cocaine, heroin, US currency from illicit drug sales, packaging, weighing devices, personal papers, weapons and any other evidence related to the illicit drug sales." *Id.*

The warrant was supported by an affidavit signed by St. Louis Metropolitan Police Officer Joseph Busso (the "Affidavit"). The information in the Affidavit

came primarily from a confidential informant who contacted Officer Busso the day before the search warrant was issued.

Specifically, the Affidavit provides that on July 10, 2014, Officer Busso was contacted by a confidential informant with whom Officer Busso was familiar. On at least one prior occasion, Officer Busso had used the confidential informant and the information provided in the prior instance led to a weapons violation arrest which is currently awaiting adjudication in the 22nd Judicial Circuit Court.

On July 10th, the confidential informant told Officer Busso that he/she had been in the company of Terry Swopes, and that Swopes was selling crack cocaine and heroin. The confidential informant told Officer Busso that he/she had been with Swopes during illegal narcotic sales at the Residence and that the informant him/herself had purchased heroin and crack cocaine from Swopes. The confidential informant told Officer Busso that he/she had been inside the Residence within the past 8 hours and that Swopes was presently in possession of a large amount of crack cocaine and heroin as well as two handguns and a rifle.

The confidential informant described Swopes as a black male and indicated that Swopes lived at 1636 Belt in the city of St. Louis. Based on the information provided by the confidential informant, Officer Busso compiled a series of photographs to confirm Swopes' identity. Officer Busso provided the photographs to the confidential informant for review. The informant positively identified

Swopes from the photographs as the individual distributing drugs and residing at 1636 Belt Avenue. Officer Busso further confirmed Swopes' birth date and social security number in connection with the confidential informant's positive identification of Swopes. An investigation into Swopes' criminal history by Officer Busso further confirmed that Swopes had been previously arrested and/or convicted for prior offenses, including murder, robbery, and first degree assault.

On July 11, 2014, Officer Busso was contacted a second time by the same confidential informant. The informant stated that he had been in the Residence at 1636 Belt in the last 24 hours and Swopes was still in possession of the illegal narcotics and the two handguns and rifle.

### B. Execution of the Search Warrant[3]

It is undisputed that the search warrant was executed on the Residence on July 11, 2014, and Defendant and his co-defendant, Wendell Miller, were subsequently taken into custody. The following items were seized from the west bedroom, occupied by Defendant, pursuant to the search warrant and Defendant's arrest: a Star Bonifacio Echeverria, S.A. make, BKS model, nine millimeter caliber semiautomatic pistol; a Universal make, M1 model, .30 caliber semi-automatic rifle; a Sun City Machinery Co., Ltd. make, Steven 320 model, 12 gauge pump

---

[3] The facts in this section are the uncontested facts set out in the United States' brief in opposition to Defendant's motion to suppress (Doc. No. 47) and the Search Warrant Return attached to the United States' Opposition as Exhibit M1-A (Doc. No. 47-1, p. 6).

5

shotgun; a Sturm Ruger and Co. Inc., make, 10/22 Carbine model, .22 long rifle caliber semi-automatic rifle; paperwork bearing Swopes' name; photographs of Swopes; plastic baggies; and a scale.

The following items were seized from the east bedroom, which was occupied by co-defendant Wendell Miller: one Harrington and Richardson make, 732 model, .32 S&W caliber revolver; a Hi-Point Firearms make, C9 model nine millimeter caliber semi-automatic pistol; over approximately 5 grams of cocaine base (crack); a grinder; paperwork with Miller's name upon it; assorted .22 caliber long rifle ammunition; and $1280 in United States currency.

**C. Statements by Defendant**

Swopes and Miller were both placed under arrest. Defendant Swopes was advised of his constitutional rights and indicated he understood his rights.[4] When asked about the items found inside his Residence, Defendant Swopes indicated that he possessed the firearms to protect himself; that he was friends with Miller and allowed Miller to stay with him; and that the west bedroom belonged to Swopes and the east bedroom belonged to Miller.

---

[4] Defense counsel confirmed at the time of the pretrial motion hearing on September 29, 2014 that Defendant is not contesting the facts proffered by the United States in its Response indicating that Defendant was mirandized prior to giving statements to police.

## CONCLUSIONS OF LAW

A.  **Motions to Suppress Evidence and Statements (Doc. Nos 33, 34 & 40)** [5]

The Fourth Amendment requires that search warrants be based on probable cause. *United States v. Montes-Medina,* 570 F.3d 1052, 1059 (8th Cir. 2009). Probable cause exists when "there are sufficient facts to justify the belief by a prudent person that contraband or evidence of a crime will be found in the place to be searched." *United States v. Bieri*, 21 F.3d 811, 815 (8th Cir. 1994). *See also Illinois v. Gates*, 462 U.S. 213, 238 (1983) ("the task of the issuing magistrate [judge] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."). Probable cause requires only a showing of fair probability, not hard

---

[5] Because both the motion to suppress statements and motion to suppress evidence are predicated on the same argument, the undersigned will address both suppression motions at one time. More specifically, although Defendant initially asserted that certain unspecified statements were taken in violation of his Fifth Amendment rights, it appears that Defendant has abandoned that argument. At the evidentiary hearing held on September 29, 2014, I asked defense counsel whether Defendant was asserting *Miranda* violations in light of the United States' assertions in its Response that Defendant was advised of his rights and understood them before he made statements to police. Defense counsel conceded that Defendant was not contesting the fact that Defendant was advised of his rights prior to making statements to police. As such, Defendant's motion to suppress statements is based exclusively on the assertion that any statements obtained from Defendant as a result of his arrest on July 11, 2014, were obtained pursuant to an insufficient search warrant and search warrant affidavit.

certainties." *United States v. Tripp*, 370 F. Appx. 753, 757 (8th Cir. 2010) (quoting *United States v. Hudspeth*, 525 F.3d 667, 676 (8th Cir. 2008))..

Affidavits for search warrants are reviewed using the "totality-of-the-circumstances" analysis. *Gates*, 462 U.S. at 238. The task of the issuing judge is to make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the [judge] had a substantial basis for . . . concluding that probable cause existed." *Id.* at 238-39 (internal quotation marks omitted). When the issuing judge relied solely on the affidavit presented to him or her, "'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995) (quoting *United States v. Leichtling*, 684 F.2d 553, 555 (8th Cir. 1982)). Affidavits must be read in "a commonsense and realistic fashion" and "[d]eference is accorded an issuing [judge's] probable cause determination . . . ." *United States v. Caldwell*, 864 F.2d 71, 74 (8th Cir. 1988) (citation omitted).

Here, Defendant challenges the search warrant on grounds that it is based almost entirely on a tip from a confidential informant whose reliability was not

properly established in the warrant Affidavit. "An informant's tip can be sufficient to establish probable cause if the informant 'has a track record of supplying reliable information' or if the tip 'is corroborated by independent evidence.'" *United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002) (quoting *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993)). Reliability may be found on the basis that past tips have led to seizures of contraband or other evidence. *United States v. Formaro*, 152 F.3d 768, 770 (8th Cir. 1998); *Gladney*, 48 F.3d at 313; *Williams*, 10 F.3d at 594.

In addition, indicia of reliability of an informant's statements include "the richness and detail of a first-hand observation.'" *United States v. Buchanan*, 574 F.3d 554, 561 (8th Cir. 2009) (quoting *United States v. Jackson*, 898 F.2d 79, 81 (8th Cir. 1990); *see also Gates*, 462 U.S. at 234 (holding that an informant's "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight"); *Williams*, 10 F.3d at 594 (holding a source reliable where source's information was timely and "based on the informant's first-hand observations, not merely from rumor or innuendo"). Furthermore, "'[s]tatements against the penal interest of an informant typically carry considerable weight' in establishing reliability." *Buchanan,* 574 F.3d at 561-62 (quoting *United States v. Tyler*, 238 F.3d 1036, 1039 (8th Cir. 2001)). The reliability of a tip is further enhanced when a law

enforcement officer meets personally with the informant and, thereby, is able to assess his credibility. *See Buchanan,* 574 F.3d at 562 (citing *United States v. Roberston,* 39 F.3d 891, 893 (8th Cir. 1994)). Finally, a defendant's prior felony record can also bolster the credibility and reliability of the source's information. *Gabrio*, 295 F.3d at 883.

### 1. The Search Warrant Was Supported By Probable Cause

The undersigned shares Defendant's concern that the Affidavit is a little light on details supporting a showing that the informant has a proven "track record" of supplying reliable information. The informant's reliability takes on added significance particularly because the affidavit does not reflect that Officer Busso made any attempt to corroborate the alleged drug trafficking activity. However, the affidavit contained some indicia that the confidential informant provided reliable information in the past. The affidavit states that Officer Busso had worked with the informant in the past and the informant's information had resulted in a weapons violation arrest. Defendant has pointed to no authority to support the argument that the informant's information must have led to an arrest for a similar offense in order to be deemed reliable.

Officer Busso's Affidavit also contains other indicia of reliability. Namely, the information provided was current and based on the "richness" of the informant's first-hand observations and the affidavit suggests that Officer Busso

met with the informant for the purpose of corroborating Defendant's identity. The fact that the information provided was also given against the informant's penal interests further bolsters its reliability. Finally, although Officer Busso did not independently corroborate the informant's statements regarding drug sales, Officer Busso conducted his own separate investigation into Defendant's criminal history and, through photographs, corroborated the informant's statement that Defendant Swopes was the black male who sold heroin and crack cocaine to the informant. *See United States v. Humphreys*, 982 F.2d 254, 259 (8th Cir. 1992) ("Where the informant's information is at least partially corroborated, attacks upon credibility and reliability are not crucial to the findings of probable cause.").

In sum, when all of the facts set out above are taken together with the requisite deference to the judge who issued the warrant, the undersigned cannot say Judge Burke lacked a "substantial basis" for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. at 238-239.

## 2. The Good Faith Exception Applies Even If the Affidavit Fell Short of Establishing Probable Cause

Even if the warrant were not supported by probable cause, the good faith exception articulated in *United States v. Leon*, 468 U.S. 897, 922 (1984), applies to preclude suppression of evidence seized and statements obtained as a result of the warrant. In *Leon,* the Supreme Court held that even if a search warrant is later held to be unsupported by probable cause, the exclusionary rule should not be applied to

bar the admission of "evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate." *Leon*, 468 U.S. at 900, 922-23. *See also United States v. Clay,* 646 F.3d 1124, 1127 (8th Cir. 2011) (quoting *Leon,* 468 U.S. at 900)).

In the absence of an allegation that the issuing judge abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause because the affidavit is so lacking in indicia of probable cause to render official belief in its existence entirely unreasonable or because the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid. *Leon,* 468 U.S. at 926; *United States v. Fiorito*, 640 F.3d 338, 345 (8th Cir. 2011).

Here, there is no evidence or suggestion by Defendant that the issuing judge abandoned her judicial role in issuing the warrant. Nor does Defendant suggest that Officer Busso knowingly and intentionally made a false statement that misled the judge or that there is anything facially deficient about the warrant. Defendant's sole contention is that because the Affidavit lacked sufficient indicia of the informant's reliability, the Affidavit is so lacking in indicia of probable cause that official belief in its existence is unreasonable. For the reasons set forth in the preceding section, I disagree.

Although the warrant Affidavit could have supplied more in the way of independent corroboration by the officer or additional information establishing the informant's reliability, the Affidavit was not so lacking in indicia of probable cause as to render official belief in its existence unreasonable. Officer Busso clearly attempted to demonstrate the informant's reliability by including in the affidavit that he was familiar with the informant, had worked with him or her in the past, and the informant's work had led to a charge that was pending. There is nothing before the Court to suggest that Officer Busso harbored a belief that the informant was not reliable as asserted in the Affidavit or a belief that his assertions clearly did not establish probable cause.

In addition, far from being "bare bones" or conclusory, the informant's statements relied on by Officer Busso lent additional indicia of reliability. As set out above, the informant's statements offered the richness and detail of first-hand observation, were against the informant's penal interests, and were partially corroborated by the officer.

## **CONCLUSION**

For all of the foregoing reasons, Defendant's motion to suppress physical evidence and statements should be denied.

Dated this 22nd day of October 2014.

/s/ Shirley Padmore Mensah_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE